UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-233-KKC

KEITH O. STODDARD                                                                                          PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

JEFF GRONDOLSKY, WARDEN                                                                    RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Keith Stoddard ("Stoddard") is a prisoner incarcerated at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Ashland"), who has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Dkt. 2]  This matter is before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Stoddard is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.     BACKGROUND

On August 20, 2006, Bureau of Prisons "(BOP") Officer Rawlings found a cigarette lighter inside a supply locker located in a cell shared by Stoddard and two other inmates.  Rawlings filed a report charging Stoddard with a Code 108 violation, Possession of a Hazardous Tool.  Ordinarily,

disciplinary hearings would have been conducted shortly after the incident by Disciplinary Hearing Officer ("DHO") Smart, a BOP employee who traveled in between many BOP facilities to conduct such hearings. In this case, however, Stoddard heard nothing further about the incident until October 3, 2006, when BOP employee Jeffery called him into her office and stated that she would conduct the DHO hearing.

After the hearing, on November 28, 2006, Jeffery issued a DHO Report finding Stoddard guilty of a Code 305 violation, Possession of Anything not Authorized. The DHO Report indicates that Jeffery sanctioned Stoddard with 90 days loss of commissary and telephone privileges, but that both sanctions were suspended pending 180 days of clear conduct. The DHO Report was delivered to Stoddard on December 14, 2006.

On December 27, 2006, Stoddard filed a Form BP-230 with the Mid-Atlantic Regional Office ("MARO"). In that grievance, Stoddard contended that (1) no "serious disturbance or emergency" existed to permit the use of an alternate DHO under 28 C.F.R. 541.16; (2) he did not receive written notice of the charge at least 24 hours before the DHO hearing; and (3) challenged the sufficiency of the evidence adduced to find him guilty of the infraction.

On January 4, 2007, MARO granted itself an extension of time to March 5, 2007, in order to respond to Stoddard's grievance pursuant to 28 C.F.R. § 542.18. When MARO failed to respond by that date, Stoddard sent several inquiries as to the status of his grievance. On April 2, 2007, Stoddard filed a BOP Form 231 with the Central Office of Inmate Appeals. On May 16, 2007, MARO acknowledged that internal administrative issues prevented it from timely responding to the grievance, authorizing Stoddard to pursue an appeal with the Central Office within thirty days.

The Central Office extended its own time to respond to June 6, 2007, and again to June 26, 2007. In a response dated June 27, 2007, the Central Office denied the appeal, finding the DHO's greater reliance upon the reporting officer's account was reasonable and supported the charge, and the use of an "alternate" DHO was expressly permitted by Program Statement 5270.07, which provides that:

> If the institution's DHO is not able to conduct hearings, the Warden shall arrange for another DHO to conduct the hearings. This person must be trained and certified as a DHO, and meet the other requirements for DHO.
>
> In order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO.

The Central Office concluded that because Jeffery was appropriately certified as a DHO and was not disqualified by any of the other criteria, the Program Statement was satisfied.

On February 5, 2007, the United States Parole Commission ("USPC") entered a Notice of Action retarding Stoddard's presumptive parole date from July 20, 2007 to September 18, 2007 in light of the Code 305 violation. Stoddard waited until July 9, 2007, to file the present petition challenging the USPC's action.

**II.     Discussion**

In his present habeas corpus petition, Stoddard does not challenge the imposition of sanctions by the DHO. The record also discloses that the loss of commissary and telephone privileges was suspended so long as Stoddard did not violate other institutional rules for 180 days. Stoddard further lacked any interest in such privileges protected by the Due Process Clause. *Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001). Because Stoddard was not deprived of anything protected by the Due Process Clause, he cannot state a claim for either a procedural or substance due process

3

violation, regardless of whether the BOP complied with its own regulations regarding the conduct of DHO hearings.

Stoddard challenges the decision of the USPC to defer his parole release date by 60 days from July 20, 2007 to September 18, 2007. While the record reflects that Stoddard filed a change of address with the Court on September 19, 2007, the Court will assume that his petition has not been mooted by his release on parole, as collateral consequences from his release date may yet persist.

However, this Court's review of the USPC's decision to grant or retard parole is extraordinarily limited: the Court may only enquire whether there is a rational basis for the Commission's decision. *Kimberlin v. White*, 7 F.3d 527, 533 (6th Cir. 1993); *Hacket v. United States Parole Comm'n*, 851 F.2d 127, 129-130 (6th Cir. 1987). Based on the DHO Report, the USPC concluded that Stoddard had possessed a cigarette light in violation of the prison's rules. That determination was supported by the fact that Stoddard was the owner of the combination lock which was used to secure the locker where the lighter was found. In addition, BOP Officer Rawlings stated that Stoddard acknowledged to him that "it was left in there by another cell occupant, but I knew that it was in there. I don't smoke and I don't have any use for a lighter and I should have discarded it months ago." This information provided the USPC with an ample factual basis to conclude that Stoddard had committed the offense and violated institutional rules. Because there was a rational basis for the USPC's decision, Stoddard has failed to establish any basis for relief, and his petition must be denied. *Id*.

**III.   CONCLUSION**

The Court being sufficiently advised, it is **ORDERED** as follows:

1.     The petition for a writ of habeas corpus [Dkt. 2] is **DENIED.**

2.     The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 13th day of December, 2007.

Signed By:
*Karen K. Caldwell*    KKC
United States District Judge